Emily R. Rankin (WSB No. 6-3451)
Kelsey D. Fleener (WSB No. 7-5712)
THE SPENCE LAW FIRM, LLC
15 S. Jackson St. | P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
rankin@spencelawyers.com
fleener@spencelawyers.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MARYSSA JANE SIMPSON,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE AMERICA HOTELS & RESORTS, LLC, a Wyoming Limited Liability Company, and GUILLERMO G. AAGUILAR,<br><br>Defendants. | Civil No: _______________<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Maryssa Simpson, by and through counsel, hereby sets forth her causes of action against Defendants as follows:

## I. PARTIES

1. **Plaintiff Maryssa Simpson** resides in Dallas County, Texas, and is a citizen of Texas for the purpose of diversity.

2. **Defendant Little America Hotels & Resorts, LLC** ("Little America") is a limited liability company with its principal place of business located at 2800 West Lincolnway, Cheyenne, Wyoming 82009.

3. Each member of Defendant Little America is a citizen of Utah for the purposes of diversity jurisdiction.

4. Upon information and belief, no member of Little America is a citizen of Texas or Nebraska.

5. Defendant Little America's amenities include a nine-hole golf course called the Little America Golf Course.

6. The Little America Golf Course has a clubhouse, driving range, and pathways.

7. As a corporate entity, Little America can only act through its directors, officers, agents, and employees.

8. Defendant Little America is vicariously liable for the negligent acts and omissions of its officers, directors, agents, and employees acting within the course and scope of their employment at the time of such acts or omissions.

9. **Defendant Guillermo G. Aguilar** resides in Scotts Bluff County, Nebraska, and is a citizen of Nebraska for the purpose of determining diversity jurisdiction.

10. Defendant Guillermo G. Aguilar hit the golf ball at issue that injured Plaintiff on the Hotel Defendants' premises in Cheyenne, Wyoming.

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states, the parties have complete diversity of citizenship, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

12. This Court has personal jurisdiction over Defendants Little America and Aguilar.

13. Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this action is the United States District Court for the District of Wyoming. The claims arose in this judicial district and the acts and omissions complained of occurred within the District of Wyoming.

## III. FACTS COMMON TO ALL CLAIMS

### Arrival at Little America in Cheyenne, Wyoming

14. Plaintiff Maryssa Simpson and her then fiancé, James Kopecky, were traveling from their home in Texas to Montana for a vacation.

15. To break up the long drive, they planned an overnight stay in Cheyenne, Wyoming.

16. On June 29, 2025, Plaintiff and Mr. Kopecky arrived as guests of the Little America Hotel in Cheyenne, Wyoming, intending to stay overnight.

17. Plaintiff and Mr. Kopecky were assigned a room located on the north side of the hotel.

18. At check-in, neither Plaintiff nor Mr. Kopecky received any hotel or resort policies.

19. Plaintiff and Mr. Kopecky were not given any warnings, advisories, or instructions regarding the adjacent golf course or any risk associated with golf activity near guest rooms and parking areas.

20. Plaintiff was a registered hotel guest and was present on the property for purposes associated with her hotel stay.

21. After briefly unloading their belongings, Plaintiff and Mr. Kopecky went outside to view the sunset.

22. Around 8:00 p.m., Plaintiff and Mr. Kopecky walked down the exterior stairs from their room and across the parking lot toward a small bench facing the sunset.

23. Hotel Defendants placed, maintained, or permitted a bench immediately adjacent to active golf-course play and directly accessible from the hotel parking area.

24. No barrier, sign, warning, or other meaningful separation informed hotel guests that the bench area was within a foreseeable golf-ball flight zone or restricted access while play continued.

25. Hotel Defendants publicly communicated information concerning golf-course operations associated the course's hours with clubhouse operating hours ending at 7:00 p.m.

26. Hotel Defendants did not inform hotel guests that golf play could continue after the posted clubhouse operating hours.

27. Plaintiff was not playing golf, accompanying a golfer, attending a golf tournament or other golf event, or voluntarily positioning herself to observe golf.

28. When Plaintiff entered the area near the bench, no person warned her that golf play remained underway or that the bench area was exposed to golf-ball traffic.

29. The bench was directly accessible from the hotel parking area.

30. Defendant Little America selected, approved, maintained, or permitted the bench's location and made the bench area accessible to hotel guests without any barrier, restriction, or warning.

31. Defendant Little America knew or reasonably should have known that hotel guests would use or approach the bench because of its location, its views, its direct accessibility from the hotel parking area, and the absence of any restriction or warning.

32. There were no signs in the parking lot, along the pathways, or near the bench warning guests or restricting their access.

33. Three young women drove past Plaintiff and Mr. Kopecky in a golf cart.

34. The three young women did not have golf clubs on the cart.

35. Based on their use of the golf cart, their location, and their conduct, Plaintiff reasonably understood the women to be hotel or golf-course personnel.

36. The women did not warn Plaintiff that golf play was underway, tell her that the bench area was unsafe, or direct her to leave the area.

37. While in the area, Plaintiff and Mr. Kopecky observed three men at the bottom of the eighth hole roughhousing in golf carts.

38. The three men behaved in ways indicating they were not golfing.

**Plaintiff was Struck in the Face with a Golf Ball**

39. At approximately 8:20 p.m., without warning, Plaintiff was suddenly and violently struck on the left side of her face by a golf ball.

40. Upon information and belief, Defendant Aguilar hit the golf ball.

41. The blow caused Plaintiff to collapse onto the pathway.

42. Plaintiff's left eye immediately filled with blood.

43. Plaintiff experienced excruciating facial pain and suffered an abrupt loss of vision.

44. Mr. Kopecky drove Plaintiff directly to the Cheyenne Regional Medical Center ("CRMC") to avoid medical delay.

45. At the CRMC ER, Plaintiff was diagnosed with a globe rupture of her left eye, left orbital, maxillary, and nasalis open facial fractures, facial laceration, and intracranial hemorrhage.

46. Because of the severity and complexity of the injuries, emergency surgical intervention was required.

47. Plaintiff was transferred by ambulance to UCHealth Medical Center of the Rockies ("MCR") in Loveland, Colorado.

48. Just after midnight on June 30, 2025, Plaintiff arrived at MCR. She underwent a multiple-hour emergency surgery to repair her ruptured cornea.

49. Despite immediate and aggressive surgical intervention, Plaintiff permanently lost all vision in her left eye. She later underwent an evisceration of her left eye and additional reconstructive surgeries, including repair of multiple orbital fractures.

50. As a direct and proximate result of Defendants' conduct, Plaintiff Maryssa Simpson sustained and continues to suffer serious, life-altering injuries as a result of this incident that are more fully discussed in the "Damages" section of this Complaint and for which Defendants are liable.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: PREMISES LIABILITY

***Brought against Defendant Little America Hotels & Resorts LLC individually and vicariously***

51. At all relevant times, Defendant Little America owned, operated, managed, controlled, and/or maintained the Little America Hotel & Resort.

52. Defendant Little America opened the premises to the public for business.

53. Defendant Little America owed patrons—including hotel guests such as Plaintiff—a duty to use reasonable care in the design, placement, operation, supervision, maintenance, and control of the hotel, resort grounds, pathways, and golf course areas.

54. Defendant Little America knew or reasonably should have foreseen that:

A. The bench was located immediately adjacent to a golf-course playing area;

B. The bench was directly accessible from the hotel parking area;

C. Hotel guests were likely to approach or use the bench area;

D. No barrier, restriction, or warning separated hotel guests using the bench area from golf play; and

E. Permitting golf play while the bench area remained accessible exposed hotel guests to a foreseeable risk of being struck by a golf ball.

63. Defendant Little America created or increased the risk of injury to hotel guests by:

A. Selecting, approving, maintaining, or permitting the bench's location;

B. Failing to separate or protect the bench area from golf play;

C. Leaving the area accessible to hotel guests;

D. Failing to clearly communicate when golf play would occur; and

E. Permitting play to continue without warning guests who entered or used the area.

64. At all relevant times, Plaintiff Maryssa Simpson was an "invitee" while on the Little America premises.

65. Defendant Little America owed invitees—including Plaintiff—the following non-exhaustive duties:

A. To exercise ordinary care to avoid exposing its patrons to an unreasonable risk of harm;

B. To conduct reasonable inspections of the premises to identify dangerous conditions;

C. To fix, eliminate, or adequately warn of any dangerous conditions of which it knew, or which in the exercise of ordinary care it should have discovered; and

D. To avoid creating or permitting the creation of dangerous conditions on the premises.

66. At all relevant times, Defendant Little America knew or, in the exercise of reasonable care, should have known that patrons walking on or near the golf-course-pathways—including those adjacent to guest rooms and parking areas—were exposed to a foreseeable and unreasonable risk of harm from active golf play and flying golf balls.

67. At all relevant times, Defendant Little America failed to exercise reasonable care to protect guests or patrons, including Plaintiff Maryssa Simpson, from the dangerous condition in the following ways:

A. Failing to provide a reasonable barrier, separation, restriction, or warning between guest accessible areas and active golf play;

B. Failing to warn hotel guests that golf play continued after the publicly posted clubhouse operating hours;

C. Failing to establish, communicate, coordinate, monitor, and enforce reasonable golf course hours of operation and restrictions on play;

D. Failing to train and supervise hotel and golf-course personnel to recognize, warn, or direct hotel guests away from areas exposed to active golf play;

E. Failing to eliminate hazardous conditions through reasonable design, guard against those conditions, or provide adequate warnings;

F. Failing to reasonably design, locate, position, separate, and protect pathways, seating areas, and other guest-accessible areas in relation to foreseeable golf-course play; and/or

G. Otherwise failing to act reasonably under the circumstances.

68. Defendant Little America's acts or omissions were a direct and proximate cause of the severe injuries sustained by Plaintiff Maryssa Simpson, as more fully described in the "Damages" section of this Complaint.

**SECOND CAUSE OF ACTION: NEGLIGENCE**

***Brought against Defendant Little America Hotels individually and vicariously***
***Brought in the alternative to Plaintiff's First Cause of Action***

69. At all relevant times, Defendant Little America was an "innkeeper" who opened Little America Hotel & Resort to guests and patrons for business purposes.

70. At all relevant times, Defendant Little America, as an innkeeper, had a special relationship with patrons or guests, including Plaintiff Maryssa Simpson.

71. The special relationship gave rise to a duty to exercise reasonable care for the safety of its guests or patrons.

72. At all relevant times, Defendant Little America failed to exercise reasonable care to protect guests or patrons, including Plaintiff Maryssa Simpson, from a dangerous condition in the following ways:

A. Failing to warn guests of the danger posed by flying golf balls and active play near pathways, seating areas, and guest-accessible areas;

B. Failing to restrict or otherwise control golf play where it created a foreseeable hazard to guests, or to reasonably restrict guest access to such areas;

C. Failing to establish, communicate, monitor, and enforce reasonable golf course hours of operation and restrictions on play;

D. Failing to eliminate hazardous conditions through reasonable design, guard against those conditions, or provide adequate warnings;

E. Failing to reasonably design, locate, position, separate, and protect pathways, seating areas, and other guest-accessible areas in relation to foreseeable golf-course play; and/or

F. Otherwise failing to act reasonably under the circumstances.

73. Defendant Little America acts or omissions were a direct and proximate cause of the severe injuries sustained by Plaintiff Maryssa Simpson, as more fully described in the "Damages" section of this Complaint.

## THIRD CAUSE OF ACTION: NEGLIGENCE
***Brought against Defendant Aguilar***

74. At the time and place of the events described herein, Defendant Aguilar owed Plaintiff a duty to act as a reasonably prudent golfer under the circumstances.

75. The duties of care owed to Plaintiff were breached by Defendant Aguilar in the following ways:

A. Failing to maintain a reasonable lookout for persons within the reasonably foreseeable path and range of his shot;

B. Failing to wait to hit until persons whom he knew or reasonably should have known were exposed to the shot had reached a reasonably safe position;

C. Failing to exercise reasonable care in executing the shot under the existing circumstances;

D. Failing to provide a timely and adequate warning; and

E. Otherwise failing to exercise reasonable care in preparing for, executing and responding to the shot.

76. Defendant Aguilar failed to exercise reasonable care under the circumstances.

77. Defendant Aguilar's acts or omissions were a direct and proximate cause of the severe injuries sustained by Plaintiff Maryssa Simpson, as more fully described in the "Damages" section of this Complaint.

## V. DAMAGES

78. As a direct and proximate cause and consequence of Defendants' negligent acts and omissions, Plaintiff Maryssa Simpson sustained severe injuries. Plaintiff Maryssa Simpson is entitled to compensation and to recover the following damages:

A. Past and future medical and related expenses in an amount to be proven at trial;

B. Past and future loss of earnings in an amount to be proven at trial;

C. Past and future loss of employment benefits in an amount to be proven at trial;

D. Past and future lost earning capacity in an amount to be proven at trial;

E. Past and future physical impairment in an amount to be proven at trial;

F. Past and future disfigurement in an amount to be proven at trial;

G. Past and future disability in an amount to be proven at trial;

H. Past and future physical pain and suffering in an amount to be proven at trial;

I. Past and future emotional pain and suffering in an amount to be proven at trial;

J. Past and future enjoyment of life in an amount to be proven at trial;

K. Other past and future pecuniary loss in an amount to be proven at trial;

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Maryssa Simpson, respectfully requests the Court enter judgment against Defendants in an amount supported by the allegations of this Complaint and to be proven at trial and for such other and further relief as the Court deems equitable and proper as follows:

A. Judgment for the Plaintiff against the Defendants;

B. Judgment against Defendants for general damages in the amount consistent with the allegations contained herein and to be proven at trial;

C. Judgment against Defendants for special damages in the amount consistent with the allegations contained herein and to be proven at trial;

D. Judgment for costs, interests, and such other and further relief as this Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

Plaintiff Maryssa Simpson demands a jury trial of six persons on all issues so triable. DATED this 19th day of October 2026.

*<u>/s/ Kelsey D. Fleener</u>*
Mel C. Orchard (WSB No. 5-2984)
Emily R. Rankin (WSB No. 6-3451)
Kelsey D. Fleener (WSB No. 7-5712)

THE SPENCE LAW FIRM, LLC
15 S. Jackson St. | P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 | Fax: (307) 733-5248
rankin@spencelawyers.com
fleener@spencelawyers.com

*Attorneys for Plaintiffs*